**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM BLAKE, JR.,**

                              **Plaintiff,**

   **-against-**                                **9:92-CV-1351**

**JOAN F. COUGHLIN as the Administratrix**
**of the Estate of THOMAS A. COUGHLIN, III,**
**Commissioner of the Department of**
**Correctional Services; LOUIS F. MANN,**
**Warden of Shawangunk Prison; and**
**ROBERT CUNNINGHAM, Senior Counselor,**

                                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**ORDER**

**I.   INTRODUCTION**

Plaintiff commenced this action asserting, *inter alia*, deprivations of his constitutional rights arising from his confinement in Administrative Segregation while at the Shawangunk Correctional Facility. See generally Compl. In this regard, Plaintiff brought tort claims seeking monetary damages and equitable claims seeking a judgment ordering the Commissioner of the New York State Department of Correctional Services to release him into the general prison population. Id.

The case came on to be tried in October of this year. Because:

1

(1) Plaintiff was transferred out of Shawangunk Correctional Facility on June 17, 1996; (2) persons other than the named defendants were responsible for Plaintiff's confinement to Administrative Segregation after his transfer, see e.g., 7 N.Y.C.R.R. § 301.4; and, (3) the possibility existed that events occurring after Plaintiff's transfer contributed to his current Administrative Segregation confinement, the Court bifurcated the claims and held the trial only on the tort claims asserting due process deprivations while Plaintiff was held in Administrative Segregation at Shawangunk Correctional Facility from December 7, 1989 through June 17, 1996. See Fed. R. Civ. P. 42(b); Blake v. Selsky, 10 A.D.3d 774, 775-76 (3rd Dept. 2004).[1]  At the conclusion of the trial, the jury determined that each of the remaining defendants had violated Plaintiff's due process rights, and awarded Plaintiff nominal damages of $1.00. On Plaintiff's claim for equitable relief, the Court determined that, despite the fact that

---

[1] In Blake v. Selsky, the Third Department reviewed and upheld a hearing examiner's June 2002 decision to continue Plaintiff in Administrative Segregation.  In this regard, the New York court held: "In our view, the violent and heinous nature of petitioner's 1987 escape attempt, his subsequent threats to escape and kill those involved in his prosecution and the confidential testimony of prison officials, independently assessed by the Hearing Officer for its reliability and credibility, that petitioner had recently engaged in activities and communications indicating renewed interest in escaping from the facility, provide substantial evidence supporting the Commissioner's determination that petitioner continues to present a safety and security risk to the facility which renders him unsuitable for the general prison population."

  Assuming that when the Third Department referred to evidence that Mr. Blake had " recently engaged in activities and communications indicating renewed interest in escaping from the facility," it was referring to conduct that occurred after Plaintiff left Shawangunk Correctional Facility,  proof of a constitutional deprivation at the Shawangunk Correctional Facility would not mean, *a fortiori*, that his current confinement was unconstitutional. Rather, additional facts and separate witnesses from those supporting the tort claim would have had to have been presented to support the claim for equitable relief.  However,  because discovery had not been conducted with regard to circumstances after Mr. Blake left Shawangunk Correctional Facility, such proof could not have been presented at the October  trial.

Commissioner Coughlin retired while this case was pending (and has since passed way), a justiciable case or controversy continued to exist against the current Commissioner. See Fed. R. Civ. P. 25(d)(1); Ex Parte Young, 209 U.S. 123 (1908); Verizon Maryland Inc. v. Public Serv. Comm. Of Maryland, 122 S. Ct. 1753, 1760 (2002).[2]  Accordingly, the Court advised Plaintiff he could either continue with the equitable claim in this action, or he could institute a new action in which he could seek both compensatory and injunctive relief from his current confinement.

Plaintiff has filed a post-trial motion arguing that the jury's decision to award him only $1.00 in damages is inconsistent with its decision that his constitutional rights were violated, and that the $1.00 damage award is against the weight of the evidence. He has not indicated whether he intends to continue with the claim for equitable relief, but he did file a Notice of Appeal of the jury's verdict.  The Notice of Appeal was rejected as premature because a final judgment has not yet been entered. See Nov. 7, 2005 Document Rejection Order [dkt. # 204].[3]

**II. DISCUSSION**

The Court will treat Plaintiff's silence on whether to

---

[2] In Verizon, the Supreme Court held that "[i]n determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." 122 S.Ct. at 1760 (internal quotation and citations omitted).  The inquiry "does not include an analysis of the merits of the claim." Id. at 1761.

[3] The Court has not entered final judgment because the claim for equitable relief remains outstanding.

3

proceed with the equitable claim as a decision to go forward on that claim in this case. That being the situation, the Court finds that the interests of justice dictate that the claim for equitable relief be severed from the tort claims. See Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately."); Wausau Bus. Ins. Co. v. Turner Const. Co., 2001 WL 460928, at *2 (S.D.N.Y. May 2, 2001)(a court has broad discretion to sever claims)(citing New York v. Hendrickson Bros., Inc., 840 F.2d 1065 (2d Cir.), cert. denied, 488 U.S. 848 (1988); Smith v. Lightning Bolt Productions, Inc., 861 F.2d 363, 370 (2d Cir. 1988)); see also Deajess Med. Imaging, P.S. v. Allstate Ins. Co., 2004 WL 1920803, at *5 (S.D.N.Y. Aug. 27, 2004)(severing the underlying claims *sua sponte*); United States v. AMTRAK, 2004 U.S. Dist. LEXIS 10867 (E.D. Pa. 2004)("[W]hile neither party has asked this Court to sever, Rule 21 permits a court to sever claims *sua sponte*."); Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000)("In addition, the Rule explicitly provides authority to sever parties *sua sponte* 'on such terms as are just.'")(internal citation omitted). Although the Court is of the opinion that discovery on the claim for equitable relief should proceed in an expedited fashion, given the history of this case and the difficulties of conducting discovery in light of the heavy security on Plaintiff, the Court is not confident that a resolution of the injunctive claim can be achieved in the near future.

Severing the claims will allow a final judgment to be entered on the tort claims that, in turn, will allow an appeal on these claims to proceed forthwith. See 9 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2387 ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently."); Allied Elevator, Inc. v. East Texas State Bank, 965 F.2d 34, 36 (5th Cir. 1992)("Although the district court did not explicitly refer to Rule 21, we conclude that the district court clearly intended to sever the judgment on the counterclaim," which became final and, therefore, appealable).  The parties' interests in finality will be served by a speedy appeal of the tort claims.  Further, the fact that the claim for equitable relief will need its own proof and separate witnesses is an additional reason to sever the claims. See Morris v. Northrop Grumman Corp., 37 F. Supp.2d 556, 580 (E.D.N.Y. 1999);[4] BD ex rel. Jean Doe v. DeBuono, 2000 WL 249115, at *5 (S.D.N.Y. Feb. 28, 2000).[5]

### III.  CONCLUSION

For the reasons set forth above, the tort claims and the claim

---

[4] In exercising its discretion to sever claims, the Court should consider "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Morris, 37 F. Supp.2d at 580.

[5] Stating the test for severance as  "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted." DeBuono, 2000 WL 249115, at *5.

for equitable relief are hereby severed.  The Court finds that there is no just reason for delay in entering judgment upon the tort claims. See Fed. R. Civ. P. 54(b)("When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.").  The Clerk of the Court is directed to enter judgment forthwith on all tort claims based upon the prior rulings of this Court and upon the jury's determination of the remaining tort claims. Id.  Further, given the undersigned's status as a Senior United States District Court Judge, the remaining claim for equitable relief (addressed to Plaintiff's current Administrative Segregation confinement) shall be reassigned to an active United States District Court Judge in the Northern District of New York. See 28 U.S.C. § 294(c). The undersigned will continue to preside over the tort claims for purposes of deciding post-trial motions. **IT IS SO ORDERED.**

DATED:December 6,2005

Thomas J. McAvoy
Senior, U.S. District Judge