UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC - 9 2005
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

---

WILLIAM BLAKE, JR.

vs.

THOMAS A. COUGHLIN, ET AL

PARTIAL FINAL JUDGMENT
IN A CIVIL CASE

CASE NO.   9:92-CV-1351

---

__XX__  **JURY VERDICT.**  This action came before this Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

__XX__  **DECISION BY COURT.**  This action came to trial of hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** pursuant to the defendants'[22] motion for summary judgment, the plaintiff's due process claim is dismissed in its entirety as to all defendants in accordance with Judge McAvoy's [39] Memorandum-Decision and Order filed on December 13, 1995.

All of plaintiff's remaining claims against defendants Allen Blade, Thomas Mannoia and Gerald Skroki are dismissed in their entirety pursuant to the parties'[70] stipulation filed on June 2, 1998.

Pursuant to the defendants'[82] motion for summary judgment, it is further ordered that plaintiff's remaining cause of action against defendants Donald Selsky, Paul Levine, Edward Rudder and "Other Unknown Corrections Employees" is dismissed in its entirety, including plaintiff's claim for monetary damages against all the defendants in their official capacities, in accordance with Honorable Thomas J. McAvoy's [12] Order filed on March 29, 2002.

As to the plaintiff's remaining tort cause of action of 14th Amendment due process violation concerning the periodic reviews of plaintiff's continued confinement brought under 42 U.S.C. § 1983, the jury returned its verdict in favor of plaintiff and awarded nominal damages in the amount of $1.00 against the remaining defendants, Joan F. Coughlin as the Administratrix of the Estate of Thomas A. Coughlin, III, Louis Mann and Robert Cunningham. The jury declined to award any punitive damages [see [201] Verdict Sheet].

Pursuant to F.R.C.P. Rule 21, the Court has severed plaintiff's remaining claim of equitable relief in accordance with the Honorable Thomas J. McAvoy's [206] Order filed on December 7, 2005, with this claim being reassigned to another active United States District Court Judge in the Northern District of New York for final disposition.

Dated:   December 9, 2005

Clerk of Court

s/ C. M. Ligas
By:  Deputy Clerk

## NOTICE TO LITIGANTS

FILING NOTICE OF APPEAL

This notice is to inform you of the time limitations for filing a Notice of Appeal under Federal Rules of Appellate Procedure 4 (see below) and of the necessity of filing a timely motion for extension within the thirty-day extension period if the Notice of Appeal is untimely.

> Lawrence K. Baerman
> Clerk of the Court

**Rule 4.** Appeal as of Right—When Taken

(a) Appeal in a Civil Case.—

(1) Except as provided in paragraph (a)(4) of this Rule, in a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date when the clerk received the notice and send it to the clerk of the district court and the notice will be treated as filed in the district court on the date so noted.

(2) A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry.

(3) If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.

(4) If any party files a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:

(A) for judgment under Rule 50(b);

(B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;

(C) to alter or amend the judgment under Rule 59;

(D) for attorney's fees under Rule 54 if a district court under Rule 58 extends the time for appeal;

(E) for a new trial under Rule 59; or

(F) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment shall file a notice, or amended notice, of appeal within the time prescribed by this Rule 4 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

(6) The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

(7) A judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.

(b) **Appeal in a Criminal Case.**—In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence, or order—but before entry of the judgment or order—is treated as filed on the date of and after the entry. If a defendant makes a timely motion specified immediately below, in accordance with the Federal Rules of Criminal Procedure, an appeal from a judgment of conviction must be taken within 10 days after the entry of the order disposing of the last such motion outstanding, or within 10 days after the entry of the judgment of conviction, whichever is later. This provision applies to a timely motion:

(1) for judgment of acquittal;

(2) for arrest of judgment;

(3) for a new trial on any ground other than newly discovered evidence; or

(4) for a new trial based on the ground of newly discovered evidence if the motion is made before or within 10 days after entry of the judgment.

A notice of appeal filed after the court announces a decision, sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later. Notwithstanding the provisions of Rule 3(c), a valid notice of appeal is effective without amendment to appeal from an order disposing of any of the above motions. When an appeal by the government is authorized by statute, the notice of appeal must be filed in the district court within 30 days after (i) the entry of the judgment or order appealed from or (ii) the filing of a notice of appeal by any defendant.

A judgment or order is entered within the meaning of this subdivision when it is entered on the criminal docket. Upon a showing of excusable neglect, the district court may—before or after the time has expired, with or without motion and notice—extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Fed.R.Crim.P. 35(c), nor does the filing of a motion under Fed.R.Crim.P. 35(c) affect the validity of a notice of appeal filed before entry of the order disposing of the motion.

(c) **Appeal by an Inmate Confined in an Institution.**—If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid. In a civil case in which the first notice of appeal is filed in the manner provided in this subdivision (c), the 14-day period provided in paragraph (a)(3) of this Rule 4 for another party to file a notice of appeal runs from the date when the district court receives the first notice of appeal. In a criminal case in which a defendant files a notice of appeal in the manner provided in this subdivision (c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's receipt of the defendant's notice of appeal.

(As amended Apr. 30, 1979, eff. Aug. 1, 1979; Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7111, 102 Stat. 4419; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 27, 1995, eff. Dec. 1, 1995.)