## *UNITED STATES DISTRICT COURT*

## *NORTHERN DISTRICT OF NEW YORK*

---

**WILLIAM BLAKE, JR.**

   vs.

**THOMAS A. COUGHLIN, ET AL**

---

JUDGMENT IN A CIVIL CASE

**CASE NO.**   9: 92-CV-1351


 **XX**  **JURY VERDICT.**  This action came before this Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

 **XX**  **DECISION BY COURT.**  This action came to trial of hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** pursuant to the defendants'[22] motion for summary judgment, the plaintiff's due process claim is dismissed in its entirety as to all defendants in accordance with Judge McAvoy's [39] Memorandum-Decision and Order filed on December 13, 1995.

   All of plaintiff's remaining claims against defendants Allen Blade, Thomas Mannoia and Gerald Skroki are dismissed in their entirety pursuant to the parties'[70] stipulation filed on June 2, 1998.

   Pursuant to the defendants'[82] motion for summary judgment, it is further ordered that plaintiff's remaining cause of action against defendants Donald Selsky, Paul Levine, Edward Rudder and "Other Unknown Corrections Employees" is dismissed in its entirety, including plaintiff's claim for monetary damages against all the defendants in their official capacities, in accordance with Honorable Thomas J. McAvoy's [12] Order filed on March 29, 2002.

As to the plaintiff's remaining tort cause of action of 14th Amendment due process violation concerning the periodic reviews of plaintiff's continued confinement brought under 42 U.S.C. § 1983, the jury returned its verdict in favor of plaintiff and awarded nominal damages in the amount of $1.00 against the remaining defendants, Joan F. Coughlin as the Administratrix of the Estate of Thomas A. Coughlin, III, Louis Mann and Robert Cunningham.  The jury declined to award any punitive damages [see [201] Verdict Sheet].

Plaintiff's claim for injunctive relief seeking to be released from administrative segregation is dismissed without prejudice as moot.  Plaintiff's claim for equitable relief seeking to prevent prison officials from considering the nature and circumstances of Plaintiff's crime of conviction, or circumstances surrounding that crime, or any other evidence of Plaintiff's dangerousness to prison security that arose or was considered while he was at Shawangunk, is denied and dismissed.  As such, plaintiff's claims for injunctive relief are dismissed in accordance with the Honorable Thomas J. McAvoy's [230] Decision and Order filed on August 8, 2006.

Dated:   August 11, 2006

Clerk of Court

s/ S. Potter
By:  Deputy Clerk